UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHELBY V. FRATELLO and RYNE M. SEETO,<br><br>　　　Plaintiff<br><br>v.<br><br>DAN WILDE, et al.,<br><br>　　　Defendants | Case No.: 2:25-cv-01606-APG-EJY<br><br>**Order**<br><br>[ECF Nos. 5, 6, 9, 15, 18, 19] |

　　　The complaint in this case is captioned in the names of plaintiffs Shelby Fratello and Ryne Seeto. They seek in part to enjoin aspects of state child custody and welfare proceedings related to a minor child. To the extent the plaintiffs seek to enjoin ongoing state child welfare or custody proceedings, I deny that relief under the *Younger* abstention doctrine. *See Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025); *Younger v. Harris*, 401 U.S. 37 (1971).

　　　Further, there is no properly signed complaint on file. Neither the complaint, nor any other document the plaintiffs have filed, is signed by a wet ink signature of either plaintiff. The defendants note that this is improper because it does not allow for them to discern who is actually filing these documents should they later seek some form of sanction or other punitive or compensatory measure. The lack of signatures raises another issue because the plaintiffs are pro se. A pro se plaintiff can represent himself or herself, but one pro se party cannot represent another. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, absent each plaintiff signing each filing that they want to pursue, I cannot discern if one pro se plaintiff is improperly attempting to represent another. Accordingly, going forward from here,

each plaintiff must personally sign each document with a wet ink signature if that plaintiff wants that document to apply to him or her.

Thus, there is no operative signed complaint on file. And there is confusion about whether the plaintiffs are withdrawing any federal claims so they can return to state court or whether they are asserting federal claims in this court. *See* ECF Nos. 1 (defendants removing the case based on federal question); 6 (plaintiffs moving to remand because they dismiss their federal claim without prejudice); 9 (plaintiffs subsequently seeking relief for federal constitutional rights violations, which would present a federal question). I therefore grant the plaintiffs leave to file an amended complaint. The amended complaint must either (a) assert only state law claims, at which point I will remand this case to state court, or (b) assert at least one federal claim, at which point I will keep the case. The amended complaint must be signed with a wet ink signature by each plaintiff who wants to be on the case. In crafting the amended complaint, the plaintiffs should consider the arguments that the defendants raised in their motion to dismiss (ECF No. 5).

Finally, I deny all pending motions without prejudice because there is no complaint on file signed by any plaintiff. Additionally, there is insufficient evidence to support the plaintiffs' various motions for relief because they are not signed by any plaintiff, and some of the relief that the plaintiffs request would effectively enjoin the state proceedings, such as returning the child. *See* ECF No. 15 at 5. That is barred by *Younger*. The request for evidence preservation is moot because the defendants are already under a duty to preserve evidence. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015) (A party has a duty to preserve documents when it has "some notice that the documents were potentially relevant to the litigation"). Finally, the

request that I order an independent medical exam of the child is not sufficiently supported to grant it at this time.

I THEREFORE ORDER that the plaintiffs' complaint (ECF No. 1-1) is dismissed without prejudice. The plaintiffs may file an amended complaint by **December 5, 2025**. Failure to file an amended complaint that complies with this order by that date will result in this case being dismissed without prejudice.

I FURTHER ORDER that all pending motions **(ECF Nos. 5, 6, 9, 15, 18, 19) are DENIED**.

DATED this 5th day of November, 2025.

---

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE