UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHELBY V. FRATELLO and RYNE M. SEETO,<br><br>Plaintiff<br><br>v.<br><br>DAN WILDE, et al.,<br><br>Defendants | Case No.: 2:25-cv-01606-APG-EJY<br><br>**Order** |

As I stated in my prior order, there is no properly signed complaint on file. ECF No. 22 at 1. Additionally, there is confusion about whether the plaintiffs are withdrawing any federal claims so they can return to state court or whether they are asserting federal claims in this court. *Id.* at 2. Consequently, I dismissed the plaintiffs' complaint and gave them until December 5 to file an amended complaint that either (a) asserts only state law claims, at which point I will remand this case to state court, or (b) asserts at least one federal claim, at which point I will keep the case. *Id.* at 3. I also directed that the amended complaint must be signed with a wet ink signature by each plaintiff who wants to be on the case. *Id.* at 2.

On December 1, 2023,[1] Ryne Seeto filed ex parte motions for a temporary restraining order. ECF Nos. 24; 25. I find no basis to consider the motions on an ex parte basis. I therefore direct the clerk of court to remove the ex parte designation. However, the motions and exhibits contain personal identifiers and a minor's name, so I direct the clerk of court to keep those documents under seal. *See* LR IC 6-1 (directing parties to refrain from including, or to redact,

---

[1] Although dated December 1, the motions were not docketed until December 3, and they did not come to my attention until December 4.

personal identifiers, including the names of minor children). I also direct the clerk of court to send copies of this order and ECF Nos. 24 and 25 (including exhibits) to the defendants' counsel.

In his motion, Seeto states that he fears that complying with my order to file an amended complaint by December 5 will put A.R. in peril. ECF No. 25 at 1. But Seeto does not explain why that is so. And Seeto appears to believe, incorrectly, that the prior complaint is still operative, the defendants have failed to timely respond, and so his allegations are admitted. *Id.* at 2. But I dismissed the prior complaint and there currently is no operative complaint in this case, so the defendants have not failed to timely respond. Seeto (and Fratello, if she still intends to be a plaintiff in this case) must file an amended complaint by December 5, 2025. That amended complaint must comply with my prior order to either (a) assert only state law claims, at which point I will remand this case to state court, or (b) assert at least one federal claim, at which point I will keep the case. And the amended complaint must be signed with a wet ink signature by each plaintiff who wants to be on the case. Otherwise, there is no complaint in this case, and Seeto will not prevail on his motion because the plaintiff(s) will not be able to show a likelihood of success on any claim because there are no claims without an operative complaint.

In anticipation that the plaintiff(s) will comply with my order to file an amended complaint, I direct the defendants to respond to the motion for temporary restraining order by December 12, 2025. The plaintiff(s) may file a reply by December 16, 2025. But I warn the plaintiff(s) that I will not grant a motion for temporary restraining order without an operative complaint on file. The first factor in determining whether to award injunctive relief is whether the moving party has shown a likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). I cannot make that determination if I do not know what claims are being asserted and by whom.

I THEREFORE ORDER the clerk of court to remove the ex parte designation from ECF Nos. 24 and 25, but to keep those documents under seal.

I FURTHER ORDER the clerk of court to send to the defendants' counsel copies of this order and ECF Nos. 24 and 25, along with all attached exhibits.

I FURTHER ORDER that the plaintiffs' amended complaint is due by **December 5, 2025**.

I FURTHER ORDER that the defendants' response to the motion for temporary restraining order (ECF No. 25) is due by **December 12, 2025**.

I FURTHER ORDER that any reply is due **December 16, 2025**.

DATED this 4th day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE