**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHELBY V. FRATELLO and RYNE M. SEETO,<br><br>    Plaintiffs<br><br>v.<br><br>DAN WILDE, et al.,<br><br>    Defendants | Case No.: 2:25-cv-01606-APG-EJY<br><br>**Order (1) Granting Wilde and DFS' Motion to Dismiss, (2) Denying Seeto's Motion to Strike, (3) Granting in Part the Clark County Defendants' Motion to Dismiss, (4) Denying as Moot Drummond's Motion to Dismiss, (5) Denying as Moot Hirsch's Motion to Dismiss, (6) Denying Plaintiffs' Emergency Motion, (7) Denying Plaintiffs' Motion for Partial Summary Judgment, (8) Granting the Clark County Defendants' Motion to Strike, and (9) Denying as Moot Plaintiffs' Motion for a Ruling on Their Emergency Motion**<br><br>[ECF Nos. 34, 37, 49, 51, 55, 61, 62, 81, 91] |

Shelby Fratello and Ryne Michael Seeto[1] sued Clark County and several Clark County employees for various claims arising from state custody and welfare proceedings for their child, A.R.S.[2]  Among the relief the plaintiffs request in their First Amended Complaint (FAC) is A.R.S.'s return to their custody. ECF No. 28 at 44.

I previously dismissed the plaintiffs' original complaint because it was not properly signed by either plaintiff. ECF No. 22 at 1-2.  That complaint brought twelve claims against two defendants: Clark County Department of Family Services (DFS) and Dan Wilde, a DFS caseworker. ECF No. 1-1 at 6-11.  I granted the plaintiffs leave to file an amended complaint

---

[1] The first amended complaint states that Fratello and Seeto are suing on behalf of their minor child, A.R.S. ECF No. 28 at 5.  However, under current Ninth Circuit law, "a parent may not proceed pro se on her children's behalf." *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2701 (2025).

[2] The plaintiffs also sued Seeto's ex-wife, Francine Amy Drummond, who allegedly conspired with state actors. ECF No. 28 at 6.

with corrected signatures that asserts "only state law claims" or "at least one federal claim." ECF No. 22 at 2. But I did not grant leave to add new defendants. *See id.* In their FAC, the plaintiffs alleged 30 state and federal claims and added six defendants: Clark County; Clark County District Attorney Steven Wolfson; Deputy District Attorney Erika Suzuki; A.R.S.'s court-appointed counsel, Patrick Hirsch; Seeto's ex-wife, Francine Amy Drummond; and process server Mark Montoya. ECF No. 28 at 6-44.

There are four motions to dismiss pending. The first is brought by Wilde and DFS and is joined by all the other defendants except Drummond. ECF Nos. 34; 48; 57. The next is brought by Clark County, Wilde, DFS, Wolfson, Suzuki, and Montoya (collectively, "the Clark County defendants"). ECF No. 49. Drummond and Hirsch have filed separate motions to dismiss. ECF Nos. 51; 55. The Clark County defendants, joined by Hirsch, also move to strike the plaintiffs' supplemental filings. ECF Nos. 81; 86. One or both of the plaintiffs have filed a motion to strike Wilde and DFS' motion to dismiss,[3] an emergency motion for injunctive relief to return A.R.S. to their custody, a motion for partial summary judgment, and a motion requesting that I rule on their injunctive relief motion. ECF Nos. 37; 61; 62; 91.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the parties' motions. I grant Wilde and DFS' motion to dismiss and grant in part the Clark County defendants' motion to dismiss. I deny as moot Drummond's and Hirsch's motions to dismiss. I grant the Clark County defendants' motion to strike. I deny the plaintiffs' motion to strike, emergency motion for injunctive relief, and motion for partial summary judgment.

---

[3] Like several of the filings in this case, Seeto was the only plaintiff to sign the motion to strike. ECF No. 37 at 7.

Because I am denying the plaintiffs' emergency injunctive relief motion, I deny as moot their motion requesting that I rule on that motion.

## I.  I grant Wilde and DFS' motion to dismiss.

Wilde and DFS move to dismiss the FAC because it is confusing, excessively long, and exceeds the leave to amend they were granted.  The other Clark County defendants and Hirsch joined Wilde and DFS' motion to dismiss. ECF Nos. 48; 57.  Seeto[4] argues that the FAC complies with Federal Rule of Civil Procedure 8.  He alternatively argues that, even if the FAC exceeds the leave to amend that I granted, I should treat the FAC as "an implied request for leave to amend" or strike discrete portions of the FAC and permit the plaintiffs to file a motion to amend. ECF No. 41 at 4-5.

### A.  I dismiss the plaintiffs' FAC and grant leave to amend the procedural defects.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d).  "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quotation omitted).  To further that purpose, Rule 10(b) requires a plaintiff to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

---

[4] Only Seeto opposes the motion to dismiss. ECF No. 41 at 9.  Seeto signed the opposition electronically, as the plaintiffs have done in multiple filings, including their most recent filing. *See, e.g.*, ECF No. 91 at 6-7.  Some of the plaintiffs' filings are not signed at all. ECF Nos. 77 at 6; 77-1 at 7.  This is the plaintiffs' second reminder that "each plaintiff must personally sign each document with a wet ink signature if that plaintiff wants that document to apply to him or her." ECF No. 22 at 1-2.  Going forward, I will not consider documents signed by the plaintiffs electronically or not signed at all.

Sequential paragraph numbering is necessary so that any responsive pleading can identify, by reference to the paragraph number or numbers, which claim is being admitted or denied. The plaintiffs' FAC does not use paragraph numbering or pleading paper, which would allow paragraphs to be referenced by page and line number. Accordingly, to proceed, the plaintiffs must file a second amended complaint in which the allegations are set forth in sequentially numbered paragraphs.

If the plaintiffs file an amended complaint, it must be captioned "Second Amended Complaint." In any amended complaint, the plaintiffs must allege with "at least some degree of particularity" the specific acts each defendant engaged in that support the plaintiffs' claim. *See Jones v. Cmty. Redev. Agency of L.A.*, 733 F.2d 646, 649-50 (9th Cir. 1984) (quotation omitted). They must also make clear which defendants are being sued for what conduct and in which causes of action. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Seeto makes several arguments in his opposition. He contends that the defendants should be estopped from identifying procedural defects in the FAC because they removed this case to federal court. ECF No. 41 at 8. That argument has no merit. Although I construe their pleadings liberally, pro se litigants are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Seeto also argues that Wilde and DFS lack standing to dismiss the plaintiffs' claims against the other defendants. ECF No. 41 at 7-8. However, the lack of sequential paragraph numbering in the FAC affects all the defendants. Regardless, the new defendants filed their own motion to dismiss that joined Wilde and DFS' motion to dismiss. ECF Nos. 48 at 1-2; 57.

Seeto's final argument is that the defendants have conceded all the plaintiffs' allegations by failing to answer. ECF No. 41 at 5-6. That argument also lacks merit but warrants elaboration

4

because the plaintiffs have made that argument several times in different filings.  A timely motion to dismiss tolls the defendants' deadline to file an answer. Fed. R. Civ. P. 12(a)(4)(A); *see Farmer v. L.V. Metro. Police Dep't*, 423 F. Supp. 3d 1008, 1014-16 (D. Nev. 2019).  Thus, by filing timely motions to dismiss, the defendants have not admitted any of the plaintiffs' allegations in their FAC.  Under Rule 12(a)(4), the defendants have 14 days to respond after I deny a motion to dismiss or, as is the case here, after I grant a motion to dismiss and the plaintiffs serve an amended complaint.

**B.  I dismiss all claims against the defendants added in the FAC.**

Without first asking leave of the court, the plaintiffs added six new defendants in their FAC: Clark County, Wolfson, Suzuki, Hirsch, Drummond, and Montoya.  My previous order granted the plaintiffs leave to either add federal claims or assert only state claims. ECF No. 22 at 2-3.  To justify exceeding the leave to amend, Seeto contends the "[a]dditional defendants are necessary parties under Rule 19." ECF No. 41 at 5.

After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. 15(a)(2).  The plaintiffs did not request leave to add six new defendants.  Rather, they filed the FAC and retroactively request leave to amend.  Such procedural sidestepping would eviscerate Rule 15's requirement that parties amend their pleadings "only with the opposing party's written consent or the court's leave."  The plaintiffs argue that the additional defendants are necessary parties under Rule 19.  Rule 19 does not alleviate Rule 15's requirement that the plaintiffs move for leave to add new defendants rather than adding them unilaterally.  I therefore dismiss the claims against Clark County, Wolfson, Suzuki, Hirsch, Drummond, and Montoya without prejudice.  The plaintiffs may file a motion to amend to add those defendants.

Additional reasons warrant dismissal of the claims against Wolfson and Suzuki.  The Clark County defendants argue the claims against District Attorney Wolfson, Deputy District Attorney Suzuki, and process-server Montoya are barred by immunity. ECF No. 49 at 8-11.  The plaintiffs oppose the motion to dismiss in an attachment to their motion for partial summary judgment,[5] but they do not respond to the immunity arguments regarding Wolfson and Suzuki.[6]  By failing to respond to the argument that Wolfson and Suzuki are entitled to immunity, the plaintiffs concede that I should dismiss the claims against those defendants. LR 7-2(d).  The plaintiffs should address the immunity arguments if they intend to file a motion to amend seeking to add Wolfson, Suzuki, and Montoya.

In summary, I grant the motion to dismiss filed by DFS and Wilde and joined by the remaining Clark County defendants and Hirsch.  The plaintiffs may file a second amended complaint that is concise and provides the defendants with fair notice of what the claims are and the grounds upon which each rests.  Each paragraph must be sequentially numbered, and the second amended complaint may not allege new claims not in the FAC or implicate defendants besides Wilde and DFS.  If the plaintiffs wish to add defendants or claims, they must file a motion to amend under Rule 15.

---

[5] By attaching a motion for sanctions and an opposition to the defendants' motion to dismiss to their motion for partial summary judgment, the plaintiffs violated Local Rule IC 2-2(b).  Under that rule, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."  In the future, I will not consider the plaintiffs' motions or responses that are attached to other motions or responses in the electronic filing system.

[6] The plaintiffs titled a section as "prosecutorial immunity" that addresses immunity regarding only Wilde and Montoya. ECF No. 62 at 18-19.  And in an addendum to a supplemental filing, the plaintiffs argue that Wilde and Montoya are not entitled to immunity. ECF No. 63-1 at 16-17.  An addendum to a supplemental filing is not the proper way to respond to a motion, and the plaintiffs must include all their arguments to any motion in a single response to that motion. *See* LR 7-2(d).

6

## II.  I deny Seeto's motion to strike.

Seeto moves to strike Wilde and DFS' opposition to his motion for a temporary restraining order (TRO),[7] ECF No. 31, and their motion to dismiss, ECF No. 34.  I previously denied Seeto's TRO motion. ECF No. 35 at 12.  Therefore, the portions of Seeto's motion to strike addressing the TRO opposition are moot.

Seeto argues that Wilde and DFS' motion to dismiss is "[p]rocedurally deficient" because it "fails to identify any specific paragraph(s) in the complaint that allegedly violate Rule 8(a)." ECF No. 37 at 6.  Seeto also contends that the motion to dismiss is improper because a motion to strike is the proper vehicle to challenge the scope of the plaintiffs' amendment in the FAC. *Id.* Seeto's arguments do not warrant striking Wilde and DFS' motion to dismiss.  His contentions are better addressed in an opposition to the motion to dismiss, which he also filed. *See* ECF No. 41.  I did not rule above that I am dismissing the FAC because specific paragraphs violate Rule 8.  Rather, without sequential paragraph numbering, the FAC violates Rule 10.  And even if Wilde and DFS could have filed a motion to strike, the decision to file a motion to dismiss instead does not undermine the merits of their argument that the plaintiffs exceeded the leave to amend I granted.  Wilde and DFS' decision to file a motion to dismiss rather than a motion to strike is proper in light of their arguments that problems pervade the entire FAC, not just specific sections.  I therefore deny Seeto's motion to strike.

Finally, Seeto may not represent Fratello in this matter or proceed as next friend on her behalf.  This is the second time I have warned the plaintiffs about this. ECF No. 22 at 1-2. However, Seeto continues to submit filings assertedly on Fratello's behalf, arguing that he is proceeding as her next friend because of the trauma she faces in this case. *See, e.g.*, ECF Nos. 75

---

[7] The TRO motion was filed by only Seeto. ECF No. 25 at 5, 16.

at 17; 76 at 5-6; 76-1; 76-2 at 7; 77 at 5-6; 77-1 at 7. In Seeto's motion to strike, he represents that the motion is the "plaintiffs" even though only he signed it. ECF No. 37 at 1, 7. One pro se party cannot represent another. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, absent each plaintiff signing each filing that they want to pursue, I cannot discern if one pro se plaintiff is improperly attempting to represent another. Fratello has stated that she has "elected to proceed through next friend." ECF No. 76-1 at 2. Appointment of next friend representation is done by the court, not invoked by the parties. Fed. R. Civ. P. 17(c)(2). Next friend designation is appropriate only for minors or incompetent people. *Id.* I will not designate a next friend for Fratello because, as the plaintiffs concede, she is not incompetent. ECF Nos. 76 at 5; 76-1 at 1; 76-2 at 7; 77 at 5; 77-1 at 7. Any future filings signed by only one of the plaintiffs will be applicable to only that plaintiff. And I remind the plaintiffs that their signatures must be wet ink, not electronic. *See* ECF No. 22 at 1-2.

**III. I grant the Clark County defendants' motion to dismiss in part.**

The Clark County defendants move to dismiss the claims in the FAC against Wolfson, Suzuki, and Montoya. Those arguments are moot now that those parties are no longer defendants in this case.[8] The Clark County defendants also move to dismiss the plaintiffs' claims based on the First through Tenth Amendments, which I presume the plaintiffs have brought against Wilde and DFS because I read pro se plaintiffs' claims broadly. The plaintiffs respond only to the defendants' argument about the Fourth Amendment claim. *See* ECF Nos. 62; 63; 63-1; 63-2.[9] Therefore, the plaintiffs have effectively conceded that I should dismiss the

---

[8] If the plaintiffs move to amend to add those defendants, they should address the arguments in the defendants' motion to dismiss. *See* ECF No. 49.

[9] The plaintiffs violated Local Rule 7-2(g) by filing a notice of supplemental evidence without leave of court. The plaintiffs filed the supplement the same day they filed their opposition to the motion to dismiss, and they do not explain why they filed a supplement rather than including all

8

First, Second, Third, and Fifth through Tenth Amendment claims. *See* LR 7-2(d).  The Clark County defendants also move to dismiss the plaintiffs' conspiracy claims, which the plaintiffs oppose.  While I have already dismissed the plaintiffs' FAC, I address the defendants' motion to dismiss the Bill of Rights and conspiracy claims to determine whether leave to amend is appropriate and to guide the plaintiffs in drafting any amended complaint brought against Wilde and DFS.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (quotation omitted).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

As the moving party, the defendants have the burden to show that the plaintiffs have not plausibly alleged a claim upon which relief can be granted. *Sintigo v. Pompeo*, No. 2:19-cv-00465-APG-VCF, 2020 WL 14053449, at *3 (D. Nev. July 20, 2020); *see also Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (holding that on a Federal Rule of Civil Procedure 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented");

their arguments in the opposition. *See* ECF Nos. 62 at 15-19; 63; 63-1; 63-2.  The plaintiffs attached one exhibit to their supplement, a state court filing, that they could have attached to their opposition to the motion to dismiss. ECF No. 63 at 10-12.  I have considered the supplemental filing in this order but will not consider improper supplemental filings going forward.

*Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) (holding that "on a 12(b)(6) motion, the moving party bears the burden of demonstrating that the plaintiff failed to state a claim").

An amendment is futile if it would be subject to dismissal, and "[f]utility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). I ordinarily grant leave for pro se litigants to amend but will not do so if it is "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A. The plaintiffs' Fourth Amendment claim (count IV) is not futile, so I grant them leave to amend that claim.**

The Clark County defendants move to dismiss the Fourth Amendment claim, arguing that the plaintiffs "fail to allege that any of [the defendants] were present upon the search of Plaintiffs' home" and that "Plaintiffs' FAC is barren of any allegations that any of the prosecutors swore out a warrant." ECF No. 49 at 16. The defendants cite no authority to explain why those missing allegations defeat the plaintiffs' Fourth Amendment claim.

Under their Fourth Amendment claim, the plaintiffs allege that Clark County seized A.R.S. without a warrant, arrested Seeto with a warrant that was not signed by a judge, seized Seeto's assets with a void warrant, and entered the plaintiffs' home and Fratello's hospital room without a warrant. ECF No. 28 at 15-16. The defendants do not address the plaintiffs' allegations in the FAC and therefore have not met their burden to show that the plaintiffs have not plausibly alleged a claim upon which relief can be granted. I therefore dismiss the Fourth Amendment claim (count IV) without prejudice and grant the plaintiffs' leave to assert that claim if they file a second amended complaint.

10

**B.  I grant the plaintiffs leave to amend their § 1983 conspiracy claim (count XIII) against Wilde and DFS, but I dismiss their § 371 conspiracy claim (count XIV) with prejudice.**

The plaintiffs allege two conspiracy claims under 42 U.S.C. § 1983 and 18 U.S.C. § 371. The Clark County defendants argue these claims must be dismissed because there are no allegations that the defendants formed a conspiratorial objective and, even if they did, the intra-corporate conspiracy doctrine bars liability.  The plaintiffs argue that the intra-corporate conspiracy doctrine is inapplicable when officials act outside the scope of their employment, as Wilde did when he allegedly sexually assaulted Fratello, and that the intra-corporate conspiracy bar is defeated by Drummond because she is not a Clark County employee.

A conspiracy claim under § 1983 requires the plaintiffs to allege "an agreement or meeting of the minds to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quotation omitted).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (quotation omitted).  "Under the intracorporate-conspiracy doctrine, 'an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy.'" *Lobato v. L.V. Metro. Police Dep't*, No. 22-16440, 2023 WL 6620306, at *2 (9th Cir. Oct. 11, 2023) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017)).

The plaintiffs do not plausibly allege a basis for Wilde's or DFS' liability on the § 1983 conspiracy claim.  There are no allegations that plausibly provide the basis for a conspiracy. ECF No. 28 at 28-30.  There are no allegations that the defendants made an agreement, had a meeting of the minds, or shared a common objective.  The plaintiffs simply list a series of wrongful acts

11

by individual actors and presume the acts were part of a coordinated objective without factual allegations to support the conspiracy label.  Although the FAC's allegations fail to state a claim for § 1983 conspiracy, the intra-corporate conspiracy doctrine would not bar liability for the claim because the plaintiffs allege Wilde extorted Fratello for sex under the threat of losing custody of her child, conduct which is not within Wilde's official duties. *Id.* at 29.  Therefore, because it is not clear amendment would be futile, I grant the plaintiffs leave to file an amended § 1983 conspiracy claim (count XIII) against Wilde and DFS if they can allege facts to do so.

But I dismiss with prejudice the plaintiffs' conspiracy to defraud the United States claim brought under § 371 because the intra-corporate conspiracy doctrine bars liability.  The plaintiffs allege DFS defrauded the United States by unlawfully seizing children to receive federal funding. *Id.* at 30-32.  Under the intra-corporate conspiracy doctrine, Wilde and DFS cannot be engaged in a conspiracy when Wilde acts in his official capacity because he is a DFS employee.  Besides labeling Wilde as a "Conspiracy Participant[]," the plaintiffs provide no specific factual allegations about Wilde's participation in the alleged conspiracy. *See id.*  So the plaintiffs' vague allegations that Wilde participated in a child custody scheme to defraud the federal government implicates only acts within Wilde's official capacity as a DFS caseworker.  There are no factual allegations to plausibly infer how Drummond participated in the alleged conspiracy, so she does not destroy the intra-corporate conspiracy bar.[10]  Because it is barred by the intra-corporate conspiracy doctrine and therefore futile, I dismiss the plaintiffs' § 371 conspiracy claim (count XIV) with prejudice.

---

[10] Further, I have dismissed Drummond as a defendant in this case.

**IV.  I deny Drummond's and Hirsch's motions to dismiss as moot.**

Defendants Drummond and Hirsch filed separate motions to dismiss. ECF Nos. 51; 55. Those motions are moot now that I have dismissed the plaintiffs' claims against Drummond and Hirsch in the FAC.  I therefore deny the motions to dismiss without prejudice to be refiled later if there is an amended complaint that properly lists Drummond and Hirsch as defendants.

**V.  I deny the plaintiffs' emergency motion for injunctive relief.**

The plaintiffs seek injunctive relief for (1) the return of A.R.S to their custody; (2) an "independent developmental evaluation" of A.R.S.; (3) an order enjoining the defendants "from transferring, relocating, or altering the custody status" of A.R.S.; (4) an order tolling Nevada Revised Statutes (NRS) § 432B.590(8); and (5) a hearing. ECF No. 61 at 2.[11]  The defendants oppose, arguing that I already barred the plaintiffs' requested relief under *Younger v. Harris*, 401 U.S. 37 (1971), and there is no basis for reconsideration of that order.  The plaintiffs have also filed a motion requesting that I rule on their emergency motion for injunctive relief.

Seeto previously moved for a TRO that requested (1) A.R.S's return or placement with the plaintiffs' immediate local family; (2) enjoining the defendants from making "medical, psychological, educational, or custodial decisions regarding [A.R.S.] without written parental consent or court order"; (3) preserving relevant evidence and communications; and (4) holding a

---

[11] The plaintiffs' motion for injunctive relief incorporates an addendum, including "Sections VII-IX and Exhibits F-G." ECF No. 61 at 20.  I assume the plaintiffs are referencing the addendum filed the same day as their emergency motion for injunctive relief at ECF No. 63-1.  I could not identify exhibits F through G that the plaintiffs reference.  The plaintiffs' motion is 21 pages long and the referenced sections of the addendum consist of 8 pages, which exceeds Local Rule 7-3(b)'s 24-page limit. ECF Nos. 61; 63-1 at 7-14.  This is the second warning I have given about page limits and Local Rule 7-3(b). ECF No. 35 at 6 n.4.  The plaintiffs are cautioned that further violations of the court's local rules may result in sanctions, including striking noncompliant filings, monetary sanctions, or case dismissal.

preliminary injunction hearing. ECF No. 25 at 15.  I denied Seeto's request for injunctive relief under *Younger*. ECF No. 35 at 2-10.

*Younger* abstention is an exception to the rule that federal courts have an obligation to decide cases before them because it is appropriate to defer equitable relief to ongoing state proceedings. *See Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989).  I may abstain under *Younger* in a civil case "only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Yelp*, 137 F.4th at 950 (quotation omitted).  If the *Younger* abstention requirements are met, I "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.* at 951. (quotation omitted).

To qualify for a TRO or a preliminary injunction, the plaintiffs must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiffs must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) that an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either test, the plaintiffs bear the burden of demonstrating a likelihood of success or serious questions on the merits. *Id.* at 1131, 1134-35.

Except for the plaintiffs' request to toll NRS § 432B.590(8), the relief requested in the pending motion for injunctive relief is nearly identical to the earlier TRO motion I denied. *Compare* ECF Nos. 61 at 2, *with* 35 at 1.  And while the plaintiffs request that I toll NRS § 432B.590(8), their motion is devoid of argument or reasons why I should.  Because the plaintiffs bear the burden of showing a basis for the merits of their claims for injunctive relief, I deny their request to toll NRS § 432B.590(8).  Moreover, NRS § 432B.590(8) addresses procedures for a child's permanent placement hearing in state court, and thus the plaintiffs' request that I toll that statute is barred by *Younger* for the same reasons identified in my previous order. *See* ECF No. 35 at 5-6 (orders that affect the state child custody proceedings would have the practical effect of enjoining state court proceedings).

The plaintiffs' remaining requests for injunctive relief are so similar to the requests in the previous TRO motion that I will treat them as a motion to reconsider my previous order denying the TRO motion.  I reconsider my previous orders if (1) I am "presented with newly discovered evidence, (2) [I] committed clear error or the initial decision was manifestly injust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The plaintiffs do not argue that there has been an intervening change in controlling law.

The plaintiffs argue that new evidence warrants reconsideration.  They point to a DFS permanency review report, Ring camera footage, the lack of parental visits with A.R.S. from July to October 2025, internal DFS records discussing co-sleeping, and the transfer of A.R.S. from Nevada to Georgia in January 2026.  The permanency review report, purportedly filed in state court on January 9, 2026, and the alleged transfer of A.R.S. are the only new pieces of evidence. The other evidence was either discussed in Seeto's previous TRO motion or available to the

15

plaintiffs when they filed that TRO motion.  "[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence." *Id.* (quotation omitted).

The plaintiffs do not attach to their motion the permanency review report or evidence of A.R.S.'s interstate transfer.  They provide no evidence with their motion except for a motion to dismiss filed in state court in July 2025. *See* ECF No. 63 at 10-12.  That state court motion to dismiss predates the earlier TRO motion and thus could have been filed with that TRO motion. Regardless, the plaintiffs do not explain what the state motion shows besides that the state child custody proceeding has been ongoing since July 2025, which the defendants do not dispute.  The fact that the state court has not granted Seeto's motion does not indicate the state court has not allowed the plaintiffs to raise federal challenges.  The plaintiffs complain that I have not performed an "independent judicial review of the state court record." *Id.* at 6.  But I can review only the record brought before me.  The plaintiffs have not met their burden of demonstrating a likelihood of success or serious questions on the merits.

Even if the plaintiffs provided the evidence discussed in their motion, such as the permanency review report or the ICPC-100A form documenting A.R.S.'s interstate transfer, there is no basis to reconsider my previous order because *Younger* abstention still applies.  The plaintiffs argue that the permanency review report referred A.R.S. to Nevada Early Intervention Services on July 21, 2025, two days before DFS removed A.R.S. or any caseworker saw A.R.S., thus creating discrepancies within the report. ECF No 61 at 4-5.  They also contend that the report states that A.R.S. is hitting milestones without any sort of objective assessment or standardized evaluation to determine whether that is true. *Id.* at 5.  Finally, the plaintiffs argue that the report documents that Fratello observed scratches on A.R.S. and was concerned about

A.R.S.'s ear health. *Id.* at 6.  I make no finding whether the permanency review report contains what the plaintiffs claim it does because they did not attach it.  Similarly, I make no finding whether A.R.S. has been transferred out of Nevada.  Regardless, none of the arguments about the permanency review report or interstate transfer of A.R.S. address whether the state court is an inadequate forum to raise federal challenges or whether my decision would have the practical effect of enjoining the state proceedings. *See* ECF No. 35 at 4-6.  I therefore decline to reconsider my decision that *Younger* abstention applies to the plaintiffs' requested injunctive relief.

The plaintiffs have not established that I committed clear error or that my previous decision was manifestly injust.  They argue that the *Younger* factors are not met and that, even if they are, an exception applies for bad faith, harassment, or other unusual circumstances. ECF Nos. 61 at 18-19; 63-1 at 15-16.  The plaintiffs argue that the state proceeding is inadequate to protect their federal rights because the government's child status reports have been accepted by the state court, a vexatious litigant motion has been filed against Seeto, and certain documents in the state proceeding remain sealed.  For the reasons identified in my previous order, the plaintiffs have received notice and opportunities to be heard in the state proceeding, and thus it has allowed and remains available for the plaintiffs to raise federal challenges. ECF No. 35 at 4-5.  In January 2026, the state court held a semi-annual review hearing where both Fratello and Seeto were present, Fratello was represented by counsel, the court heard from all interested parties, and an additional hearing was scheduled for July 2026. ECF No. 66-3.  There is no basis to reconsider my previous order that the *Younger* requirements are met in this case.

Nor is there a basis to reconsider my decision that no *Younger* exception applies.  The *Younger* exceptions are "narrow." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975).  As

explained above and in my previous order, the defendants' decision to remove this case to federal court does not estop them from arguing that *Younger* applies because those positions are not inconsistent. ECF No. 35 at 7.  I also reject the plaintiffs' argument that a *Younger* exception applies because the district attorney is investigating Seeto, participating in the child custody proceedings, and is named as a defendant in this lawsuit. ECF No. 61 at 19.  The district attorney's conduct does not reveal bad faith or harassment.

*Younger* abstention still applies, and I therefore decline to reconsider my previous order denying Seeto's TRO motion.  Consequently, I deny the plaintiffs' motion for injunctive relief. Because I have now ruled on the plaintiffs' injunctive relief motion, I deny as moot the plaintiffs' motion requesting a ruling on that order.[12]

**VI.  I deny the plaintiffs' motion for partial summary judgment.**

The plaintiffs move for partial summary judgment on their claims of "(1) fraudulent service of process in violation of the Fourteenth Amendment; (2) unlawful seizure of a minor child in violation of the Fourth Amendment; and (3) violation of the fundamental right to family

---

[12] While I understand the exigency of the plaintiffs' position and the seriousness of their claims, filing redundant motions will not speed up the resolution of pending motions. *See* LR IA 7-1. The plaintiffs filed three motions requesting a ruling on ECF No. 61. ECF Nos. 76; 77; 91.  After the first two, they were informed that their motion would be addressed "as promptly as reasonably possible." ECF Nos. 79; 80.  I caution the plaintiffs that redundant motions require more time to review and ultimately delay ruling on any pending motions.

integrity under the Fourteenth Amendment." ECF No. 62 at 5.[13]  The defendants oppose summary judgment. ECF No. 68.[14]

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

There are several problems with the plaintiffs' partial summary judgment motion.  First, there is no proper complaint on file, so there is no basis on which to evaluate the motion. Second, the plaintiffs' motion is based in part on their argument that the defendants have conceded the FAC's allegations by not filing an answer. ECF No. 62 at 3.  As explained above, that argument is meritless because the defendants filed timely motions to dismiss under Rule 12. Finally, the plaintiffs attach no evidence to their summary judgment motion and thus cannot prove there is no genuine dispute as to any material fact.  The plaintiffs reference several pieces of evidence, including "Ring camera footage," citing to "Dkt. 44-1, Exh. A"; a DFS protective custody report; a bench warrant; arrest records; bank seizure records; and medical records. ECF

---

[13] The plaintiffs do not include a statement of undisputed facts in their motion.  They did provide a list of undisputed facts in an addendum to their supplemental filing. ECF No. 63-1 at 18-19. Any future summary judgment motion, not an addendum or supplement, "must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." LR 56-1.

[14] Hirsch filed a separate opposition to the motion for partial summary judgment, but he is no longer a defendant in this case.

No. 62 at 3. The plaintiffs do not include any of that evidence with their motion, and they provide a citation in the record for only the Ring camera footage. However, that citation, ECF No. 44-1, is a redacted police report, labeled Exhibit J, and filed as an attachment to the defendants' motion to seal. Seeto attached screenshots of Ring camera footage with one of his TRO motions, but it is unclear what he intends those photos to show. *See* ECF Nos. 25-4; 25-10; 25-16. The record also contains a warrant to search the plaintiffs' home and a child custody protective order, both of which are signed by judges, contrary to the plaintiffs' assertions. ECF Nos. 32-5; 32-7. For these reasons, I deny the plaintiffs' motion for partial summary judgment.

The plaintiffs also attach to their partial summary judgment motion a motion for sanctions and reconsideration.[15] I deny the motion for reconsideration because the plaintiffs do not specify which motions they are asking to be reconsidered. *See* LR 59-1(a).[16] The plaintiffs ask me to sanction Thomas Dillard, the Clark County defendants' counsel, under 28 U.S.C. § 1927 for (1) arguing that some of the plaintiffs' allegations "'are made up as a bad faith tactic'" and (2) violating Nevada Rule of Professional Conduct 1.7. ECF No. 62 at 7-8 (quoting ECF No. 48 at 3).

To be sanctioned under § 1927, the attorney must have acted in bad faith. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). I "assess an attorney's bad faith under a subjective standard." *Id.* (quotation omitted). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious

---

[15] To reiterate, including multiple motions in one electronic filing violates Local Rule IC 2-2(b). Going forward, the plaintiffs must file a separate document for each type of relief requested. I will consider all the plaintiffs' motions filed under ECF No. 62 only this time.

[16] In the addendum attached to the plaintiffs' notice of supplemental filing, they ask that I reconsider my order denying Seeto's TRO motion. ECF No. 63-1 at 17. However, the addendum is devoid of argument or reasoning supporting reconsideration. Nevertheless, I have reconsidered my order denying Seeto's TRO motion (ECF No. 35) and decline to do so.

20

claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation omitted).

Dillard has not acted in bad faith, and therefore I deny the plaintiffs' motion for sanctions. He has not raised a frivolous argument by denying the plaintiffs' allegations on behalf of his clients. Additionally, his representation of the Clark County defendants does not raise concerns of a current conflict under Nevada Rule of Professional Conduct 1.7 because there is no indication that any of the defendants is "directly adverse" to another. Nev. R. Pro. Cond. 1.7(a)(1). The plaintiffs argue that certain arguments the defendants made are "mutually exclusive." ECF No. 62 at 10. For instance, the plaintiffs contend Wilde arguing that he acted within the scope of his employment conflicts with Clark County's *Monell* defense. *Id.* at 8-10. *Monell* liability requires an unlawful custom or policy by the municipality. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). A *Monell* defense does not require a municipality to disavow the local government employee as the plaintiffs contend and therefore is not necessarily incompatible with any argument by Wilde that he acted within the scope of his employment.

There is a final problem with the plaintiffs' sanctions motion: it is unclear what filing they attribute the defendants' alleged arguments to. For example, the plaintiffs quote Wilde as arguing that he "acted within the scope of [his] employment" and Clark County as arguing that "Wilde was a rogue actor who violated policy." ECF No. 62 at 10 (quotation omitted). The plaintiffs provide no citations for those quotes, and the only filing of the defendants' that the

plaintiffs reference is "Dkt. 48/49." *See id.* at 8-10. Those filings neither contain the quotes the plaintiffs attribute to the defendants nor mention *Monell* liability.

Those are not the only errors in the plaintiffs' motion. They cite *In re Keegan Management* as "affirming § 1927 sanctions where counsel pursued claims 'in bad faith and without factual support.'" ECF No. 62 at 8. *In re Keegan Management* does not contain the quoted language. Moreover, the Ninth Circuit reversed, not affirmed, a district court's imposition of § 1927 sanctions in that case. *In re Keegan Mgmt.*, 78 F.3d at 435-36. Additionally, the plaintiffs attribute to *Pacific Harbor Capital* the phrase "multiplies the proceedings in any case unreasonably and vexatiously." ECF No. 62 at 8. But that language does not appear in *Pacific Harbor Capital*.

When a pro se litigant or attorney signs any filing before this court, they certify that "the claims, defenses, and other legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Seeto has already been warned about the accuracy of his filings in this court and, relatedly, the use of artificial intelligence research and drafting tools. *Seeto v. Kendall*, No. 2:25-cv-00038-JAD-EJY, 2026 WL 1230201, at *4 (D. Nev. May 5, 2026).[17] To the extent the plaintiffs have relied on artificial intelligence to write their papers, I caution them that it is their responsibility to review their filings and case citations to ensure they are accurate and say what they claim they do. The failure to do so may expose the plaintiffs to sanctions under Rule 11, including case dismissal.

---

[17] The warning from Judge Dorsey came after the plaintiffs submitted the motion for sanctions in this case. Therefore, I likewise now only warn the plaintiffs that future violations may result in sanctions.

## VII.  I grant the Clark County defendants' motion to strike.

Seeto[18] filed a "notice of supervening retaliatory conduct" that alleges the state took custody of the plaintiffs' child born on May 9, 2026. ECF No. 75.  That filing provides factual allegations related to the events that day, alleges legal claims based on the seizure of the second child, and connects those claims to the plaintiffs' claims in their FAC.  In ECF No. 75, Seeto "does not seek emergency relief," but "request[s] a hearing on the matters set forth in this Notice." *Id.* at 16.  The plaintiffs also filed a notice of supplemental authority and motion for judicial notice based on the same recent events surrounding the seizure of the plaintiffs' second child. ECF No. 78.  That document makes additional legal arguments under *Younger* and requests that I take judicial notice of "the existence, content, and temporal sequence of the docket filings and corresponding events." *Id.* at 6, 13.

The Clark County defendants, joined by Hirsch, move to strike these two filings, arguing the allegations contained in them are unrelated to the plaintiffs' claims because they involve a separate child and different events.  The plaintiffs[19] contend the new allegations are relevant to their pending claims and proper under Rule 15 and as a request for judicial notice.

Courts have the inherent authority to manage their own dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  That inherent authority includes the power to regulate the conduct of attorneys and parties who appear before the court and strike improper filings "to promulgate and enforce rules for the management of litigation." *Spurlock v. F.B.I.*, 69

---

[18] Only Seeto signed ECF No. 75.

[19] Seeto electronically signed the opposition to the motion to strike on behalf of Fratello "with her express written consent." ECF No. 85 at 9.  As explained multiple times in this order, because of the concern in this case with one pro se party representing another, Seeto may not sign on Fratello's behalf.  Each plaintiff must affix their wet ink signature to each document they wish to apply to them going forward.

F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (quotation omitted)).

The plaintiffs' supplemental filings put forth new factual allegations but are not brought as an amended pleading or motion to amend. The plaintiffs contend the notice of supervening events (ECF No. 75) is permitted under Rule 15, but they did not file a motion to amend their complaint. I cannot take notice of factual allegations, even if those allegations are related to the underlying claims.[20] I therefore grant the motion to strike ECF Nos. 75 and 78 under my inherent authority.[21] The plaintiffs may move to amend based on these new allegations, but I do not grant them leave to amend to add the new factual allegations regarding their second seized child or new claims that are not in their FAC.

**VIII.  Conclusion**

I THEREFORE ORDER that defendants Dan Wilde and Clark County Department of Family Services' motion to dismiss, joined by Patrick Hirsch and the Clark County defendants, **(ECF No. 34) is GRANTED**.

I FURTHER ORDER that plaintiff Ryne Seeto's motion to strike **(ECF No. 37) is DENIED**.

I FURTHER ORDER that the Clark County defendants' motion to dismiss **(ECF No. 49) is GRANTED in part**. I dismiss the plaintiffs' § 371 conspiracy claim (count XIV) with

[20] To the extent the plaintiffs are asking that I take judicial notice of the docket in this case, that request is superfluous because I have notice of the dockets in the cases pending before me.

[21] I deny the plaintiffs' request for a hearing on the new factual allegations regarding their child recently taken into state custody because it is not based on factual allegations or claims pending in this case.

prejudice. The plaintiffs may amend their Fourth Amendment and § 1983 conspiracy claims (counts IV and XIII) against Wilde and DFS if they file a second amended complaint.

I FURTHER ORDER that the plaintiffs may file a second amended complaint with sequential paragraph numbering and alleging claims against only defendants Wilde and DFS by July 30, 2026. The plaintiffs may neither allege any new claims against defendants Wilde or DFS nor add any claims against any other defendant without first moving for leave to amend.

I FURTHER ORDER that defendants Francine Drummond's and Patrick Hirsch's motions to dismiss **(ECF Nos. 51; 55) are DENIED as moot**.

I FURTHER ORDER that the plaintiffs' emergency motion for injunctive relief **(ECF No. 61) is DENIED**.

I FURTHER ORDER that the plaintiffs' motion for partial summary judgment **(ECF No. 62) is DENIED**.

I FURTHER ORDER that the Clark County defendants' motion to strike ECF Nos. 75 and 78 **(ECF No. 81) is GRANTED**.

I FURTHER ORDER that the plaintiffs' motion for a ruling on ECF No. 61 **(ECF No. 91) is DENIED as moot**.

DATED this 1st day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

25