UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHELBY V. FRATELLO and RYNE M. SEETO,

Plaintiffs,

v.

DAN WILDE, et. al.,

Defendants.

Case No. 2:25-cv-01606-APG-EJY

**ORDER**

Pending before the Court is Plaintiff Ryne M. Seeto's Motion to Disqualify Magistrate Judge Youchah and Motion to Chief District Judge Gordon to Rule on the Pending Child-Return Emergency (ECF No. 61). ECF No. 93. Plaintiff's Motion at ECF No. 61 was resolved by U.S. District Judge Andrew Gordon on July 1, 2026. ECF No. 94. Thus, only the Motion to Disqualify remains before the Court. Plaintiff is adamant that the United States District Judge assigned to this case must be the arbiter of his pending motion to disqualify. ECF No. 93. However, the law is to the contrary. *Donely v. Wellpath*, Case No. 1:23-cv-01740-KES-SAB (PC), 2026 WL 1418139, at *1 (E.D. Cal. May 20, 2026) ("A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned.").

Plaintiff's Motion seeks my disqualification under 28 U.S.C. §§ 455(a) and (b). ECF No. 93 at 2. Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] … in any proceeding in which [her] impartiality might reasonably be questioned." Sections 455(b)(1) and (2) requires a judge to disqualify herself: "(1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; [or] (2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." In addition to subsections (a) and (b)(1), Plaintiff seeks disqualification under 28 U.S.C. § 455(b)(5). This Section requires a judge to recuse when she or her spouse, "or

a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; [or] (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

The decision to grant or deny a motion for recusal lies with the discretion of the Court. *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000). Judicial officers are counseled to "hear cases when there is no reasonable factual basis for recusal." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal citations omitted). "The test is an objective one, wherein the judge is required to recuse ... [herself] only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th. Cir. 2005) (internal citations and quote marks omitted). "In other words, section 455 'asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'" *U.S. v. Kahre*, Case No. 2:05-cr-121 DAE (RJJ), 2008 WL 5246034, at *3 (D. Nev. Dec. 15, 2008) *citing Clemens*, 428 F.3d at 1178 *quoting In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Id. citing Clemens*, 428 F.3d at 1178 *citing In re Mason*, 916 F.2d at 386. What matters is not whether there is actual bias or prejudice "but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The well accepted rule requires the source of alleged impartiality be "extrajudicial" meaning a source other than the proceedings in which a motion to recuse is filed. *Id.*; *see also Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880 (9th Cir. 1991) (internal citation omitted).

Plaintiff cites to eleven exhibits accompanying his three previously filed motions to disqualify (ECF Nos. 88, 89, and 90). Following my order requiring Plaintiff to consolidate these three motions into one motion (ECF No. 92), Plaintiff filed the Motion at bar. Upon investigation, I located the declaration and exhibits to which Plaintiff refers in support of the instant Motion. *See* ECF No. 90. My review of these exhibits demonstrates Plaintiff's concern arises from the fact that

my niece is a lawyer employed by Legal Aid Center of Southern Nevada in the Children's Attorney Project ("CAP"). While Plaintiff's assertion is correct, objective facts demonstrates that in 2025, the most recent year for which CAP reported its operations, the project represented over 5,000 children. [www.lacsn.org/ images/2025_CAP_Annual_Report.pdf](www.lacsn.org/ images/2025_CAP_Annual_Report.pdf) (last visited July 14, 2026). Plaintiff fails to present any evidence demonstrating or suggesting that my niece played any role in any matter involving Plaintiff or his child. In fact, Plaintiff offers nothing that would lead a reasonable person to infer, let alone conclude, that my niece's employment by CAP or CAP's involvement with Plaintiff's children, if any, presents a significant risk that I would resolve any dispute before me in this matter on a basis other than the merits.[1]

Instead, Plaintiff refers to exhibits attached at ECF No. 90 that reference, *inter alia*, my family history, the death of my sister, news articles pertaining to an unrelated case, my 2020 financial disclosure, a biographical statement of Patrick Hirsch—about whom I have no knowledge, an order entered by the Honorable Cristina D. Silva, U.S. District Judge for the District of Nevada, and a 2015 news article regarding medical treatment sought for my father's terminal illness. ECF No. 90 at 16-59. Plaintiff fails to offer any basis upon which a reasonable person would connect these materials to any act, inaction, decision or order entered by me to bias, prejudice or the appearance of either.

Moreover, specific to Plaintiff's Section 455(b)(5) concern, the objective evidence demonstrates my niece is not a party, officer or director of a party to these proceedings; she is not a lawyer acting in this proceeding; and she is not a material witness or likely to be a material witness in this proceeding. There is no fact alleged or evidence presented demonstrating my niece has any interest in the outcome of these proceedings; in fact, there is no fact alleged that she has knowledge of these proceedings.[2] There is also no evidence that I have any personal knowledge

---

[1] I have entered a small number of orders in this case to date. These orders concern Plaintiff's obligation to update his address; the order requiring Plaintiff to consolidate his three motions to disqualify into one; an order, denying a motion to expedite; and an order granting an extension of time. ECF Nos. 50, 79, 80, 87, 92.

[2] Plaintiff cites *Williams v. Pennsylvania*, 579 U.S. 1, (2016), as "precisely" on point. ECF No. 93 at 5. However, in *Williams* the Supreme Court found a due process violation and an "impermissible risk of actual bias when [the] judge earlier had significant, personal involvement as a prosecutor in critical decision regarding a defendant's case." *Williams*, 579 U.S. at 1. The Supreme Court stated that "constitutional principles" of due process "are fully applicable where a judge had a direct, personal role in the defendant's prosecution." *Id*. at 10. There facts are not "precisely" aligned with facts in this case. Indeed, the facts in *Williams* are wholly dissimilar to the facts present here.

of disputed evidentiary facts in this proceeding. There is no evidence that I, or any former law firm with which I was associated, represented any party in the instant matter or any other legal proceeding in which Plaintiff was or is involved.

Indeed, a review of Plaintiff's Motion appears to demonstrate that his focus and goal was to obtain a ruling on ECF No. 61—his Motion seeking immediate return of his minor child. ECF No. 93. To this end, U.S. District Judge Andrew Gordon issued an order denying that Motion on July 1, 2026. ECF No. 94. The undersigned played no role in that decision.

Plaintiff references the "objection" process available to litigants when a U.S. Magistrate Judge issues an order or report and recommendation with which a party disagrees. Plaintiff has and may continue to enjoy the benefits of the objection process. However, case law is legion—the basis for disqualification cannot be decisions issued by the court; it must be extrajudicial. *Liteky*, 510 U.S. at 548; *Pau*, 928 F.2d 880.

I find there is no basis upon which my impartiality might reasonably be questioned. Plaintiff presents nothing supporting the conclusion that a reasonable person with knowledge of all the facts would conclude my impartiality can be doubted. It is incomprehensible to suggest that because my niece works for CAP, which represents thousands of children each year, there is either actual or the appearance of bias requiring recusal.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Magistrate Judge Youchah and Motion to Chief District Judge Gordon to Rule on the Pending Child-Return Emergency (ECF No. [93]) is DENIED.

DATED this 14th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

Plaintiff cites no evidence—because there is none—that I played a role of any kind in any prior court action involving him or his child. Except as Plaintiff may have referenced in his claims, I have no personal knowledge of any prior court action involving Plaintiff.